The last case on the oral docket today is Mogensen v. SCF Lewis & Clark Fleeting, LLC, 523-0501. Are the parties ready? Yes, Your Honor. Okay. Mr. Howard? Yes, Your Honor. Are you arguing for the appellant? Yes, Your Honor. Okay. You may begin when ready. Mr. Howard, were you the trial counsel? I was not, Your Honor. Okay. May it please the Court. My name is Giles Howard, and I represent the defendant appellant, SCF Lewis & Clark Fleeting, LLC. This appeal arises out of a lawsuit filed by plaintiff Kevin Mogensen under the Jones Act and the General Maritime Law. On the fourth day of trial, the trial court struck defendant's pleadings as a sanction and directed a verdict for plaintiff on liability. The jury then rendered a verdict for plaintiff in the amount of $3,310,000, and judgment was entered in plaintiff's favor in that amount. Subject, of course, to Your Honor's questions, I intend to focus my time this morning on the trial court's sanctioning of defendant for what the trial court described as defendant's violation of a specific order that was made by the defendants in this matter invoking the sequestration of witnesses. The trial court's sanctions order was in error for at least the following three reasons. First, the sanction is an abuse of discretion under the Supreme Court of Illinois' case law applying Rule 219C. Second, the conduct sanctioned did not violate any order, rule, or statute. And third, the imposed sanction was impermissibly harsh under the Illinois case law. Now, at the outset, Your Honors, I would like to address the standard of review for the sanction order before this court. Most Illinois courts hold that reversal of a sanction order is appropriate when the record establishes an abuse of discretion. But the Illinois case law, including from the Supreme Court of Illinois in Reidelberger v. Highland Body Shop, also stands for the proposition that it is an abuse of discretion as a matter of law for a court to sanction a party for the perceived violation of an unclear order. I would respectfully suggest, Your Honors, that on that basis alone, the sanction in this case was an abuse of discretion as a matter of law and must be reversed. The Supreme Court of Illinois also, for instance, in the case of Shimonofsky v. General Motors Corporation, held that in order to determine whether a trial court abused its discretion in entering a sanctions order, the reviewing court must look at the criteria upon which the trial court relied in making its determination of an appropriate sanction. The sanction order in this case cannot withstand that scrutiny. This is because the trial court stated that it assumed plaintiff's motion to strike defendant's pleadings was made pursuant to Rule 219C. And on that basis, the trial court granted the motion and struck defendant's pleadings and directed a verdict on negligence. Rule 219C requires that the court, quote, shall set forth with specificity the reasons and basis of any sanction to be imposed either in the judgment order itself or in a separate written order, close quote. The trial court did not author a written order at any time during trial justifying the sanction. The first time that the trial court produced a written order explaining the reasons for the sanction was on July 14, 2023, one day after defendant filed its notice of appeal. Yes, Your Honor. The order that was filed on July 14, 2023, is dated on July 12, 2023. And that, Your Honor, we put forth some Illinois case law in the briefing on this matter about how the trial court did not have jurisdiction to enter the order after the notice of appeal was filed on July 13. And the Illinois case law stands for the proposition that an order is effective when it is published. There's some, respectfully, I think some arcane language about published at the situs. But the case law, the modern case law, is that the publishing required by the Illinois case law for an order to be effective is when it is filed with the clerk's office. And we know that that order was filed with the clerk's office on July 14, 2023 because that's when it's filed, stamped by the clerk's office. That's also when the order was first communicated to counsel. It was communicated to counsel by email on July 14, 2023. So... Now, wait a minute. Are you saying that the counsel didn't know that the pleadings had been stricken? Absolutely not, Your Honor. We knew that the pleadings had been stricken. I mean, the reasoning of the court was set forth in the transcript of proceedings after she questioned the witness. The trial court did make an oral order, Your Honor, striking the pleadings. But respectfully, I think that it's important that if the pleadings were struck as a Rule 219C sanction, I think it's important that the trial court did not follow the letter of the requirements of Rule 219C, which is that the court shall set forth with specificity the reasons and basis of any sanctions to be imposed, either in the judgment order itself or in a separate written order. And neither of those things occurred during the trial. That would be one basis alone on which this court could reverse that sanctions order and remain this matters for the court not following the requirements of Rule 219C. But that's not certainly the only reason that the court could reverse this sanction. The Illinois Supreme Court set forth a variety of requirements for the imposition of a sanction under Rule 219C in the Schmanofsky case, Your Honors. And the trial court cannot satisfy the test that's established in that Schmanofsky case. First, in Schmanofsky, the Supreme Court of Illinois held that for an order of dismissal with prejudice or a sanction which results in a default judgment to be invoked, the party's actions must show a deliberate, contumacious, or unwarranted disregard of the court's authority. And I would respectfully submit, Your Honors, that the order striking defendant's pleadings and directing a verdict on negligence should be held with the same standard because it, too, results in a determination of the litigation that is not based on the merits of the case or on the party's substantive rights. And that's important because the public policy preference of Illinois, the preference of the Supreme Court of Illinois, is that matters be resolved based on the merits of the case and on the party's substantive rights. And that did not happen here. And so I would suggest, Your Honor, that the 219C sanction then has to satisfy that requirement of Schmanofsky based on the party's actions showing a deliberate, contumacious, or unwarranted disregard of the court's authority. And no such finding was ever made by the trial court. And the case law on this question of deliberate, contumacious, or unwarranted disregard of the court's authority typically focuses on repeated violations of clear orders by a trial court. A party doesn't just violate an order once. A party is repeatedly unwilling to follow the orders of the court or the applicable rules. But that's... Yes, Your Honor. And the motion to exclude witnesses is to prevent the witness from tailoring their testimony for what they see in court, right? Yes, Your Honor. All right. So isn't it implied that you're not supposed to talk to the witness to attempt to tailor their testimony to what was testified prior? Your Honor, the case law does speak to that being an implied purpose of Rule 615. And wasn't that then violated here? Well, I don't know that that was violated here, or at least that there was harm of that sort here, which is one of the other, you know, problems that we're talking about from Schmanofsky, which is the lack of prejudice here. Because what Mr. Keener testified to was that he knew that Mr. Balcom testified that the cargo to which the plaintiff claims he was exposed was yellow. Mr. Balcom had testified to that in his deposition 18 months before trial. Mr. Balcom then testified again to that during trial. Before you get to that, Justice McKinney asked you whether the order was violated, whether the ruling was violated. You've moved on to prejudice, which I understand is where you want to be. But you would agree that the rule was violated. I mean, the witness testified he'd been briefed. That was his word to the Court. Respectfully, Your Honor, I can't agree that the Rule 615 order was violated, because I don't believe that a Rule 615 order was entered. And we did brief that subject. But on a related point, Rule 615, although Your Honor is correct, there is case law saying that that is the implied purpose of Rule 615, that it extends beyond the witness being in the courtroom. It extends to communications with the witness. That is implied in the rule. Rule 615 does not itself actually prohibit communication with a witness outside of the courtroom. And that, Your Honor, goes exactly to what we talked about first, which is that the Illinois case law holds that it is an abuse of discretion as a matter of law for a court to sanction a party for the perceived violation of an unclear order, which is the Supreme Court's decision in Ryderberger v. Highland Body Shop and in Smith v. Chicago, which we cited, which was briefed extensively both to trial court and to this court, a case that is very similar to this one in that it involves communications with witnesses. The court, and that was the first district, specifically held that it would be an abuse of discretion as a matter of law for a party to be sanctioned for the violation of an implied order. So even if that is... In 615, the order is self-executing. You don't really need a formal written order, do you? You just need a court to say, okay, we're going to invoke 615. Respectfully... Where does it say you have to have a written order under 615? Your Honor, to my knowledge, the rule does not require a written order. All I would say to that, Your Honor, respectfully, is that the court must make an order, that a party can't make an order, so that a court can request that an order be entered, and under Rule 615, the court then shall make an order. I don't know that that happened in this case, but even if there were a Rule 615 order in this case, because the conduct at issue in this trial does not violate the plain language of Rule 615, it would be improper to sanction a party in this way for the conduct because it is the violation of an implied order or the implied purpose of an order. Did you just say that the conduct doesn't violate 615? I mean this respectfully, Your Honor, but I don't believe that the conduct at issue violates the plain language of Rule 615. It may violate the implied purpose of Rule 615 under some of the Illinois cases, but it doesn't violate the plain language of Rule 615 under court. Well, let's not get into the gamesmanship here because it does violate the implied meaning of Rule 615. There's no doubt that the witness said he'd been briefed by the attorney. And, Your Honor, I don't make the distinction between implied and plain language as an attempt at gamesmanship, but I make that distinction because that's a distinction that's found in the Illinois case law. That's a distinction that's found in one of the cases that's. Which case would that be? Well, that would be in the case of. That distinction is made. That distinction is made explicitly in the matter of Smith v. City of Chicago, which is a First District case from 1998, which is one of the two cases that is factually closest to this situation because there witnesses were ordered not to discuss testimony with other witnesses, and counsel spoke with a witness about another prior witness's testimony. Okay, so factually this is very similar to the circumstance here. And as a sanction, a directed verdict was ordered. So, again, extraordinarily similar to the situation. And in that case, the First District held that that conduct, that we can't sanction a party for the violation of an implied word because there the court ordered the witnesses not to discuss their testimony with each other. The court didn't explicitly order counsel not to discuss it with testimony, not to discuss it with witnesses. And so that may have been implied, but the First District held that you cannot sanction a party for the violation of an implied word. And although that case, of course, is not binding on this court being from the First District, it was binding on the trial court when the trial court entered its order because the Fifth District had not spoken on the subject before. And so the orders of other districts of the Illinois Courts of Appeals would be binding on the trial court. Another similar case would be In Re HSH, which is from the Second District. And there a witness discussed his testimony with two future witnesses, and the court struck the two pending witnesses' testimony as a sanction for the violation of its order. And there the Second District, and this speaks to another point that we briefed, Your Honors, which is that there the Second District held that even the striking of witnesses' testimony for the violation of the Rule 615 order is overly harsh. Okay? And so here we argued that if it's overly harsh to strike witnesses' testimony for a violation of the Rule 615 order, it is certainly overly harsh then to strike a party's pleadings and issue a directed verdict on negligence. But a witness is not an officer of the court. An attorney is. Doesn't that go to the very heart of the authority of the court? An officer of the court violating that court's rule. And I see that my time has expired, but if I may answer Your Honor's question. I agree with Your Honor that In Re HSH is distinguishable on that basis. But Smith v. City of Chicago is not. That case did involve the conduct of counsel violating or allegedly violating that court order that was at least implied, similar to the situation in this case. So that case, I think, is pretty much right on the nose. Smith v. City of Chicago, because it also did involve an attorney to speak to Your Honor's question. Thank you. We'll give you some time for rebuttal when Mr. Tobin is done. Thank you, Your Honor. Mr. Tobin? Yes, may it please the Court. I think in addressing whether or not an order was entered, I think clearly there was an order entered in this case. And as the justices know, Supreme Court rules and orders of courts are neither aspirational nor mere suggestions. They are rules of procedure which have the full force of law creating a presumption that they will be obeyed and followed. Here, there's no doubt that a Rule 615 order was entered. It was invoked by the defendant. And on the record at page 1216, defense counsel, the trial counsel, quote, during the January 3, 2023 pretrial conference, I invoked Rule 615, and the court appeared to assent to defendant's invocation of Rule 615 at that time. That's on the record. That's defense counsel admitting that this was invoked and that an order was entered. The trial court later found that defense counsel's argument that an order not being entered, that that was, in fact, disingenuous. And that's found on the record at 1342. Counsel, the witness that we're talking about here was going to testify that the grain was brown, right?  Now, weren't you supplied with some sort of a report stating that in pretrial discovery? And if you were, how were you prejudiced? I was supplied with an Exhibit No. 41, which was the cargo report. And if you look at the cargo report, which is Defendant's Exhibit 41, there's no mention of any color. It's just words like the product name and numbers. There's no corn gluten, you know, fertilizer, brown. That's not in Exhibit No. 41. What about the testimony of people in deposition? Anybody ask them what color the grain was or the product? Yeah, everybody that testified about the color of the grain during discovery depositions indicated it was yellow, the color of a minion. And this particular witness, the last witness, had his deposition been taken? Yes. And did he testify it was brown or yellow? There was no testimony in that regard. So this would have been surprise testimony had he been allowed to give it. Right. This was surprise testimony. It was never disclosed that this witness, Mr. Keener, was in fact going to testify about the color of the product. So, again, this was something that totally interjected this issue at the last witness of the trial. All the other witnesses had been let go. So with regard to the repeated violations of the Rule 615, Mr. Keener testified that he was receiving daily briefings. So this wasn't as if, you know, this was a mix-up and, you know, it accidentally slipped by defense counsel's lips that, hey, you know, there's been prior testimony about the color and it's been this. These were daily briefings. These were daily violations of the court's order. Why wouldn't striking of the witness have been an option? Why wouldn't it have been an option? The court is supposed to take a measure of sanctions proportioned to the prejudice. Why strike the pleadings as opposed to not letting the witness testify? Well, the witness had already completed the direct examination. And as the court knows, you can't unring the bell. Once that evidence was entered, I suppose there could have been a striking of the witness's testimony. But the court, using its discretion and the reasoning for that. Are we supposed to present as jury follows the court's instructions? Yeah, just like we're to assume that attorneys are going to follow the court's orders. And here, Judge Smith was on the ground. She was the one that assessed Mr. Keener's credibility. And she found that he was not credible in his testimony. And that's gone on the record at 1341 through 1342. She was the one that assessed his credibility and the manner in which he was testifying. It would appear so coached that the first question during my cross-examination of Mr. Keener was, has somebody told you about what prior testimony was going to be? You guys have seen trials. Has that ever come up in any trial that you've seen where an attorney asks a witness the first question? Has somebody been coaching you essentially? And that's what happened here. Judge Smith witnessed this, the same type of testimony that I saw. It was very obvious. And here, justices, the standard is abuse of discretion. If this blatant and intentional violation regarding these daily briefings is found by this court to be one that is too harsh, that would be setting a very significant precedent for all trial courts in that trial courts will not be able to strike the pleadings of an attorney's client that blatantly violated a Rule 615 order. And we addressed that in our brief. If a trial court is not allowed the full tools in their toolbox to be able to assure that parties receive a fair trial, that will forever hamstring trial judges in that pleadings can be struck for discovery violations. And the whole point of discovery is to assure that the parties receive a fair trial. That's what discovery is all about. So why would it not be appropriate for a trial judge to strike the pleadings of somebody that blatantly violated the court's order? And the whole point of Rule 615 is to assure a fair trial. Isn't it also, aren't sanctions also supposed to ensure there's a trial on the merits, to be proportionate, to achieve a trial on the merits? That is a part of it. But again, this is... That didn't happen here, did it? Because the trial court used the most drastic tool in the tool chest. The court did use that. And the court used, I think, great patience and discretion when using her tools at her disposal, in that the court found that their argument that an order was not entered in this case, she found that to be disingenuous. And so I think that she used great discretion in that further, issuing sanctions in this case. But what was the evidence in the record exercising discretion when there was no findings by the trial court? In fact, it was, if I leave the room, I'm striking a plea. Period. With regard to the reasoning in the striking of sanctions, her reasoning is found in the record of 1356 through 1357, as well as 1371 through 1374. She talks about, in great length on those pages, her... July 12th written order. That was the post-trial motion hearing, and the entirety of the post-trial motion hearing is found on 1334 through 1394. But she went through great lengths to assure a fair trial for the parties. And that was violated by the daily briefings. I asked the court to bring back all the witnesses to get to the bottom of what else was going on, and I was not afforded that opportunity. We were obviously greatly prejudiced by Mr. Keener's testimony in that they saved this witness that was getting daily briefings for the last witness of the trial. Numerous differences were testified to about what Mr. Keener said, as opposed to what all the other witnesses said, with regard to negligence. And with regard to the harshness, that's the Smith case, Smith v. City of Chicago, and this is found at 702 N.E. 2nd, 280. The Smith case says that the court could see a time in which striking of the pleadings and entering a default judgment would be called for when a party's conduct exhibited a calculated intention to embarrass, hinder, or obstruct a court in its administration of justice. That's precisely what happened here. So, again, we think in this abuse of discretion, if this court rules that the trial court in this case abused her discretion by striking the pleadings, it's my feeling that that's only going to encourage litigants in the future to violate the rules, because what do you have left? You have declaring a mistrial, which would obviously potentially reward the party that was intentionally violating the order. You could strike the witness, and striking the witness could potentially benefit the person that is, in fact, coaching the witness. So, like here. How would striking a witness benefit? For instance, let's say I, somebody's calling, defendant, I'm a plaintiff's attorney, so a defense attorney is going to be calling a witness in their case in chief, and I know him. So, I'm going to violate the court's order and tell him about prior testimony. Well, then, in defendant's case in chief, it's uncovered that I was, in fact, doing that in violation of the order. Well, they strike the witness. Well, I just got what I wanted. That witness is no longer able to testify. So, that's why I think it's important. No, I appreciate that. But what I'm suggesting, though, justices, is that if this is found to be too harsh of a penalty, this court will be hamstringing trial courts indefinitely. So, that's why I think that it's very important that this court rule that the trial court did not abuse its discretion. In this case, defense counsel willfully violated the Rule 615 order every day on a daily basis at 6 in the morning. So, with regard to no other cases, well, we have the Smith case, which indicates at page 280 that this type of sanction would be appropriate under these same circumstances. No other cases have ruled that because we are officers of the court. We are supposed to follow the rules. So, this being uncovered on the last day of trial greatly prejudiced the plaintiff. Also, that shows how unique defense counsel's actions were in this case. There's just no case law on it because officers of the court are not supposed to willfully violate the court's rules. With regard to the Smith case, that was involved a trial judge indicating to witnesses they should not talk to one another, and an attorney spoke to the witness. So, that case was before Rule 615 was adopted in 2010. Same with the HSH case that they spoke about. Both of those cases were before Rule 615 was adopted. Rule 615 has not been ruled to be ambiguous or not clear or anything like that. So, for defense counsel to argue that there was no clear order, Rule 615 is very specific. Witnesses cannot talk to one another, and according to the Smith v. City of Chicago case, it would be pure sophistry to contend that although a witness has been ordered to refrain from discussing his testimony with other witnesses, a party's attorney would be free to do so. Here, that's precisely what happened. There was a clear order entered. That was clearly violated on a daily basis. Does the court have any questions? No questions. Thanks, Judge. Thanks, Justice. Mr. Hamilton? Yes, Your Honor. May it please the Court. I'd like to take this rebuttal time to address a few matters raised by my opposing counsel. The first one, briefly, I just need to speak to opposing counsel's discussion of repeated violations or daily briefings or willfully violated every day on a daily basis. Respectfully, Mr. Keener did not testify to daily communications. Mr. Keener did not testify to a daily briefing. He testified that he spoke with trial counsel the morning of day four of trial. So, I respectfully— I think he used the word, I was briefed, according to the record. And, Your Honor, what I was speaking to is a suggestion that this is daily or repeated. There's no evidence of that in the record. Respectfully, Your Honor. One thing I think that we need to focus on is that this— most Illinois courts do look at sanctions orders on an abuse of discretion standard, but that is abuse of discretion with guide rails that have been set by the Supreme Court of Illinois. We talked about some of them, that the sanctions order cannot issue for the violation of an unclear order, that certain severe sanctions can only be issued for deliberate and contumacious conduct. But in Shimonofsky, the Supreme Court also required that before Rule 219C sanctions order can be entered, that the court has to analyze whatever of the following six factors are relevant to the situation. And so one of those is the surprise to the adverse party, which Your Honor had raised with opposing counsel, Justice Cates, this question of surprise. And as opposing counsel admitted, defendant did produce records before the trial that identified the type of cargo this was. But in his examination of the first defense witness, opposing counsel also referred to the material safety data sheet for that cargo. And that material safety data sheet, which is in the record, does identify that cargo as brown. And so there shouldn't have been surprise here. Opposing counsel had that material safety data sheet. That material safety data sheet spoke to the cargo as brown. It's not that Mr. Keener changed his testimony. Is that your Exhibit 41? Your Honor, I apologize. The exact exhibit number escapes me on this. There was a trial exhibit that identified the cargo, and I believe that's the one that my opposing counsel referenced. And then there is a separate document, material safety data sheet, which is a public record, which opposing counsel referenced at trial himself, and which we then attached into the record of Mr. Keener's post-trial affidavit. And that material safety data sheet references the cargo as being brown. And Mr. Keener also did not change his testimony. Mr. Keener was never asked at his deposition what the cargo color was. It's not as though Mr. Keener testified by deposition the cargo was yellow, and then he changed it at trial to say it was brown, and therefore there was legitimate surprise. He was never asked. You're right, Your Honor. He never said it because he was never asked. And I think that goes to the question of prejudice is also a factor of the Szymanowski analysis. You know, the Supreme Court says, yes, this can be abuse of discretion, but you have to do certain things and consider certain things. One of them is surprise. One of them is prejudice. And here, respectfully, I'd suggest there can be no prejudice because Mr. Balcom merely testified at trial consistent with his deposition testimony 18 months before trial. There was no secret that Mr. Balcom believed that the cargo was yellow, and I think that speaks significantly to the prejudice analysis of Szymanowski. And those— Let me ask you a question. Yes, Your Honor. What's the difference between this case and a case where you come out with a material data safety sheet that wasn't produced, and you have a discovery violation that shows that it was brown? What's the difference? Courts strike pleadings in this state for discovery violations that are uncovered during trial. What's the difference between striking a pleading for a discovery violation versus a direct order of the court, Rule 615? Well, 219C applies to discovery violations and the violations of pretrial orders. And it also applies to orders of the court. Yes, and that's the—219C is the basis under which apparently the court issued this order. And that's why we're talking about Szymanowski today, because the Supreme Court of Illinois says that if you issue— But you don't say that there was no order of the court, right? Respectfully, Your Honor, I don't think the Department can issue a Rule 615 order. But even if Your Honor— You want to argue today that there was no order of the court, and as I asked you at the very beginning, 615 is self-executing. There is an order of the court. In fact, we have case law in this district that says Illinois Supreme Court rules are orders of the court. And, Your Honor, I see that my time has expired, but if I could engage with Your Honor about this. Your Honor, that's exactly why, you know, the question came up about— from your brother, Justice, about the implied nature of Rule 615. I mean, I agree there is case law about the implied nature of 615 applying to this kind of conduct. But even if there was a Rule 615 order, and I respect if Your Honor disagrees with me about that, even if there was a Rule 615 order, it's not an order that clearly prohibits the conduct that is at issue. And the Illinois Supreme Court says that we can't issue sanctions for the violation of unclear orders. The case law in this specific area, including from Smith v. City of Chicago, says that it would be improper. It would be an abuse of discretion as a matter of law for a court to sanction a party for the violation of an implied order. And I think at worst, that is what we have here, the violation of an implied order. And as Smith v. City of Chicago held, Your Honor, that court could not find any instance in Illinois law where this kind of sanction is issued for this kind of conduct. Unless Your Honors have any further questions, I will rest. Is this on? Okay. All right, that concludes the oral arguments for today. This matter will be taken under advisement. We'll issue an order in due course.